IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    Case No. 14-10059-JWB

WADE H. DEWEY,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction[1] under 18 U.S.C. § 3582(c)(1)(A). (Doc. 31.) The government has filed a response. (Doc. 34.) No reply has been filed and the time for doing so has passed, making the motion ripe for decision. For the reasons stated herein, Defendant's motion for sentence reduction is DENIED.

**I.     Background**

Defendant was charged in an April 9, 2014, indictment with 10 counts of distribution of child pornography, 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B). (Doc. 1.) On August 18, 2014, pursuant to a plea agreement, Defendant entered a guilty plea to possession of child pornography. (Doc. 14.) Under the plea agreement, the parties jointly recommended that Defendant be sentenced to 20 years of confinement to be followed by 10 years of supervised release. (*Id*. at 2.) On December 9, 2014, the Hon. Monti L.

---

[1] Defendant also requests that his exhibits, including a proposed release plan and medical records, be filed under seal. However, after review of Exhibit 2 labeled "medical records," the court finds that only pages four through six contain actual medical records. After review, the court grants Defendant's motion with respect to pages four through six of Exhibit 2 and denies the motion as to the remaining pages of the exhibit. With respect to the release plan, Defendant has provided no reason as to why it should be sealed. Therefore, the motion to seal Exhibit 1 is denied.

Belot sentenced Defendant to 20 years imprisonment followed by 10 years of supervised release. (Doc. 23.)

On March 21, 2022, Defendant filed a motion under 18 U.S.C. § 3582(c)(1)(A) arguing a sentence reduction is warranted due to his numerous medical conditions[2], namely laryngeal cancer. (Doc. 31-2 at 9-10.)  Defendant states that he is in immense pain due to his medical conditions and "will be undergoing surgical procedures that will take away [his] ability to speak" for the remainder of his life.  (*Id*. at 9.)   The government opposes the motion on the basis that the sentencing factors do not weigh in favor of a sentence reduction.  (Doc. 34 at 8-9.)

## II.      Standards

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions."  *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).   One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A).  Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a sentence reduction.  *McGee*, 992 F.3d at 1041.  The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

---

[2] In his motion for sentence reduction, Defendant also requests that an attorney be appointed to help him in the present matter.  Defendant argues that an attorney would be able to "obtain [his] medical records and convey the extent of [his] medical condition to the court."  (Doc. 31-2 at 9.)  However, Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion.  *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). At this point, Defendant has not shown that his arguments for a sentence reduction are such that he cannot adequately present them without the help of appointed counsel.  Accordingly, Defendant's motion is denied to the extent he seeks appointment of counsel.

earlier." *United States v. Mata-Soto*, No. 20-3223, 2021 WL 3520599, at \*1 (10th Cir. Aug. 11, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit recently endorsed a three-step test for deciding motions under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  If a defendant has administratively exhausted his claim[3], the court may reduce a sentence if three requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*.  A court may deny the motion when any requirement is lacking, and the court need not address the other requirements.  *Id*. at 1043.  But all the requirements must be addressed when the court grants a motion for release under the statute.  *Id*.

The Tenth Circuit has held that the court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant a reduction.  *See McGee*, 992 F.3d at 1044, 1048.  "[E]xtraordinary" means "exceptional to a very marked extent." *United States v. Ford*, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) ((quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at \*2 (E.D. Mich. July 27, 2020)) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020))).  Although not binding on this court, the Sentencing Commission has recognized that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories.  *Id*. (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov.

---

[3] The government concedes that Defendant has exhausted his administrative remedies.  (Doc. 34 at 4.)

2018)); *United States v. Carr*, No. 20-1152, 851 F. App'x. 848, 853-54 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

With respect to the second requirement (whether a reduction is consistent with applicable policy statements), the Tenth Circuit has held that the current Sentencing Commission policy statement on extraordinary circumstances does not constrain a court's discretion to determine whether circumstances are extraordinary and compelling because that provision applies only to motions filed by the Director of the BOP, not to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

### III.   Analysis

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *McGee,* 992 F.3d at 1042.  Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

In this case, Defendant was found to be in possession of a large amount of child pornography involving children under the age of 12 and portrayed sadistic and masochistic conduct or other depictions of violence.  (Doc. 19 at 8.)  As noted by the government, the Defendant "used

the identity of one of his prior victims to create an account to upload and distribute child pornography on a dating website." (Doc. 34 at 9.)  Moreover, a review of the presentence report shows that Defendant had previously pleaded guilty to attempted sexual assault on a child— making the current offense the second sex crime for which he was convicted. (Doc. 19 at 10.)  On balance, the sentencing factors do not support the significant reduction Defendant seeks.

Reducing Defendant's sentence would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.  The court finds that the imposed sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.  Accordingly, Defendant's motion to reduce his sentence is denied.

## IV.     Conclusion

Defendant's motion for sentence reduction under § 3582 is DENIED.    (Doc. 31.)  Defendant's motion to seal exhibits is GRANTED IN PART and DENIED IN PART.  Defendant's request for counsel is DENIED.

IT IS SO ORDERED this 12th day of May, 2022.


\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE